UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID ALEXANDER GUTIERREZ FLORES, | : : : | |
| Petitioner | : : | |
| | : | No. 1:17-CV-01717 |
| vs. | : : | (Judge Rambo) |
| CLAIRE DOLL, | : : | |
| Respondent | : : | |

## **MEMORANDUM**

Currently before the Court is Petitioner David Alexander Gutierrez Flores' petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his detention at the York County Prison, York, Pennsylvania, in the custody of the Department of Homeland Security ("DHS"), Immigration and Customs Enforcement ("ICE"), without a bond hearing. Petitioner requests that he either be released from ICE detention or accorded a bond hearing. For the reasons that follow, the Court will deny the petition.

I.  Background

Petitioner, a citizen and national of Honduras, has been in the custody of ICE since February 8, 2017. (Doc. No. 1; Doc. No. 5 at 7.) On June 15, 2015, Petitioner was arrested by deportation officers at the Sussex County Parole and Probation Office in Georgetown, Delaware. (Doc. No. 5, Ex. 1 at 3, Record of

1

Deportable/Inadmissible Alien.) Petitioner was issued a Notice to Appear and placed into removal proceedings pursuant to 8 U.S.C. § 1227(a)(2)(A)(ii) of the Immigration and Nationality Act ("INA"). A removal order was issued on October 7, 2015. (Doc. No. 5, Ex. 2 at 1.) ICE removed Petitioner from the United States on October 20, 2015. (Doc. No. 5, Ex. 1 at 3.)

ICE again encountered Petitioner near Millsboro, Delaware on February 8, 2017, during a routine fugitive operation. (Id. at 7.) Because of his previous removal and subsequent re-entry into the United States, ICE took Petitioner into custody for further processing. (Id.) While being processed, Petitioner claimed a fear of returning to Honduras. (Id.)

Petitioner's removal order was reinstated on February 8, 2017. (Id. Ex. 1 at 4; Ex. 2, Notice of Intent/Decision to Reinstate Prior Order.) Petitioner's application for withholding of removal was denied by an immigration judge on July 12, 2017 and Petitioner was ordered removed to Honduras. (Id. Ex. 4 at 10, Oral Decision of the Immigration Judge.) Petitioner filed an appeal with the Board of Immigration Appeals ("BIA") on July 24, 2017 (Id. Ex. 5), which is currently pending (Doc. No. 5 at 8).

Since his detention by ICE on February 8, 2017, Petitioner's custody status has been reviewed twice - once on April 27, 2017, and again on August 17, 2017. (Id.) ICE determined at both reviews that Petitioner would not be released from

custody. (Id.) Petitioner subsequently filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on September 19, 2017. (Doc. No. 1.)

Petitioner's habeas petition seeks release from confinement or at least a bond hearing before an immigration judge, arguing that his detention has exceeded the six month presumptively reasonable time set forth in Zadvydas v. Davis, 533 U.S. 678, 701 (2001). Respondent argues that Petitioner's post-order detention is not unreasonable and does not violate due process or the INA.

## II.  Discussion

As noted above, Petitioner is subject to a 2015 order of removal, which was reinstated on February 8, 2017 after his illegal reentry. Petitioner has been detained by ICE pursuant to that reinstated order beginning on February 8, 2017. He has petitioned for withholding of removal because he alleges he faces a threat if returned to his native country, Honduras. However, even if his withholding claim is ultimately granted, this does not mean that Petitioner cannot be removed from the United States; it only means that he will not be sent to Honduras. See Reyes v. Lynch, No. 15-CV-0442, 2015 WL 5081597, at *3 (D. Colo. Aug. 28, 2015) ("Even if Petitioner prevails on his withholding claim, the United States may remove Petitioner to a country other than Mexico if such country will accept him, and there is no administrative or judicial relief to which Petitioner would be entitled against such a removal.") (citing 8 C.F.R. § 1208.2(c)(3)(i)).

While not raised by Petitioner, the Court observes the current split within this district and numerous courts of appeals as to whether an alien subject to a reinstated order of removal who applies for withholding of removal under the Convention Against Torture Act ("CAT"), is subject to a "final" order of removal for the purposes of challenging his prolonged detention pursuant to 8 U.S.C. § 1231 or 8 U.S.C. § 1226.[1]

Accordingly, the initial question is whether Petitioner should be considered a pre-removal-order immigration detainee under 8 U.S.C. § 1226, or a post-removal-order immigration detainee under 8 U.S.C. § 1231. While Petitioner has not taken a position on this issue, Respondent argues that he is a post-removal-order immigration detainee under § 1231. As judges in this Court have observed, "the issue is a consequential one, because it determines the legal standard which will govern Petitioner's application for release from custody." Bucio-Fernandez, 2017 WL 2619138, at *2.

---

[1] Compare Bucio-Fernandez v. Sabol, No. 1:17-CV-0195, 2017 WL 2619138, at *3 (M.D. Pa. Jun. 16, 2017) (Kane, J.) (alien subject to reinstated order of removal is governed by 8 U.S.C. § 1231(a) rather than 8 U.S.C. § 1226(a) because order of removal is not subject to review and an application for withholding of removal does not "reopen a final order of removal and return the individual to pre-removal status" as it does not alter his prior removal order, it only affects where the alien may be removed); Smith v. Sabol, No. 3:CV-16-2226, 2017 WL 4269410 (M.D. Pa. Sept. 25, 2107) (same) Santos v. Sabol, No. 14-CV-0635, 2014 WL 2532491, at *3-4 (M.D. Pa. Jun. 5, 2014) (Blewitt, M.J.) (same); Dutton-Myrie v. Lowe, No. 13-CV-2160, 2014 WL 5474617, at *3-4 (M.D. Pa. Oct. 28, 2014) (Caputo, J.) (same), with Mendoza-Ordonez v. Lowe, No. 1:16-CV-1777, 2017 WL 3172739, at *8-9 (M.D. Pa. Jul. 26, 2017) (Caldwell, J.) (alien subject to reinstated removal order while involved in "ongoing withholding-of-removal proceedings" where the circuit court stayed his removal, is detained under 8 U.S.C. § 1226, not § 1231" in part "to avoid constitutional concerns regarding [alien's] prolonged detention").

### a. Pre-Removal § 1226 Standards

8 U.S.C. § 1226, INA § 236 governs ICE's pre-removal detention. See Leslie v. Attorney Gen., 678 F.3d 265, 268-69 (3d Cir. 2012). Section 1226 governs detention while removal proceedings are ongoing and before the issuance of a final order of removal. Leslie, 678 F.3d at 268 (providing that § 1226(a) allows for detention pending a decision in removal proceedings unless mandatory detention under subsection (c) is required for aliens who have committed certain offenses).

Section 1226 places the burden on the government to show that the alien is a flight risk or a danger to the community if detention is to continue. See Chavez-Alvarez v. Warden York Cnty. Prison, 783 F.3d 469, 475 (3d Cir. 2015) (stating that detention is authorized " 'for a reasonable amount of time, after which the authorities must make an individualized inquiry into whether detention is still necessary to fulfill the statute's purposes of ensuring that an alien attends removal proceedings and that his release will not pose a danger to the community.' ") (quoting Diop v. ICE/Homeland Sec., 656 F.3d 221, 231 (3d Cir. 2011)).

### b. Post-Removal-Order § 1231 Standards

8 U.S.C. § 1231, INA § 241, governs detention after removal has become certain. Leslie, 678 F.3d at 270 ("the purpose of § 1231 detention is to secure an alien pending the alien's certain removal"). Detention under § 1231 provides the

Attorney General with ninety days to remove an alien from the United States after an order of removal becomes final. During this "removal period," detention of the alien is mandatory. See 8 U.S.C. § 1231(a)(2). If the alien has not been removed and remains in the United States after the ninety day period, the alien's detention may continue, or he may be released under the supervision of the Attorney General. See 8 U.S.C. §§ 1231(a)(3) and (6). Section 1231(a) allows ICE to detain an alien for a "reasonable time" necessary to effectuate the alien's deportation, but indefinite detention is not authorized. See Zadvydas v. Davis, 533 U.S. 678 (2001) (six months is the presumptively reasonable period of post-removal detention under § 1231(a)(6), however, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future).

c. **Petitioner is Detained Pursuant to 8 U.S.C. § 1231(a)(6)**

Acknowledging the split within this judicial district as to whether an alien subject to a reinstated order of removal is subject to a "final" order of removal pursuant to 8 U.S.C. § 1231 or 8 U.S.C. § 1226, this Court subscribes to the courts which have held that an alien detained under a reinstated order of removal who proceeds with withholding of removal proceedings is detained under 8 U.S.C. § 1231(a) and not 8 U.S.C. § 1226. See Bucio-Fernandez v. Sabol, 2017 WL

2619138; Smith v. Sabol, 2017 WL 4269410; Santos v. Sabol, 2014 WL 2532491; Dutton-Myrie v. Lowe, 2014 WL 5474617.

Petitioner, who was once removed from the United States on October 20, 2015, and subsequently re-entered, has had his prior order of removal reinstated. See 8 C.F.R. § 241.8. Petitioner's illegal reentry after an order of removal does not entitle him to restart the process; rather, pursuant to 8 U.S.C. § 1231(a)(5), where the Attorney General determines that an individual has illegally reentered the country following his removal or deportation, that alien's "prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed, the alien is not eligible and may not apply for any relief under this chapter, and the alien shall be removed under the prior order at any time after the reentry." 8 U.S.C. § 1231(a)(5); see Verde-Rodriguez v. Attorney Gen., 734 F.3d 198, 2013 (3d Cir. 2013) (providing that a reinstated order of removal is considered administratively final on the date the original removal order was issued); Dinnall v. Gonzales, 421 F.3d 247, 251 n.6 (3d Cir. 2005) ("an order reinstating a prior removal order is [otherwise] the functional equivalent of a final order of removal"). Thus, a "reinstated removal order is not subject to review and is final at the moment of its issuance, because it is merely a reassertion of the prior, already-final order of removal." Pina v. Castille, Civ. No. 15-4280, 2017 WL 935163, at *4 (D. N.J. Mar. 9, 2017).

7

However, 8 C.F.R. § 241.8(e) creates an exception by which an alien who asserts a fear of returning to the country designated in his reinstated removal order is immediately referred to an asylum officer who must determine if the alien has reasonable fear of persecution or torture in accordance with 8 C.F.R. § 208.31. See 8 U.S.C. § 1231(b)(3)(A) (providing that the Attorney General "may not remove an alien to a country [where] the alien's life or freedom would be threatened in that country because of the alien's race, religion, nationality, membership in a particular social group, or political opinion"). If the asylum officer makes a positive reasonable fear determination, the matter is referred to an immigration judge "for consideration of the request for withholding of removal only." Id. § 208.31(e). The immigration judge's decision to grant or deny withholding of removal may be appealed to the BIA. Id. § 208.31(g)(2)(ii). This is the precise procedural avenue taken by Petitioner who has a pending appeal with the BIA on the immigration judge's decision to deny Petitioner all forms of withholding of removal. (Doc. No. 5, at 8.) However, "withholding of removal" only means that the alien may not be sent to his home country where he faces a danger; he still remains subject to the order of removal and may be sent to a safe third country that will accept him. See 8 U.S.C. § 123(b)(2)(E)(vii).

The reinstatement procedure of removal orders under 8 U.S.C. § 1231(a)(5) have been upheld by the Third Circuit. See Ponta-Garcia v. Attorney Gen., 557

8

F.3d 158, 160 (3d Cir. 2009) (stating that if "an alien has reentered the United States illegally after having been removed …, under an order of removal, the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed … and the alien shall be removed under the prior order at any time after the reentry"); Buquez v. Attorney Gen. of U.S., 394 F. App'x 932, 935 (3d Cir. 2010) ("[i]n order to reinstate a prior order of removal, the statute requires that an alien has reentered the United States illegally and that he reentered after having been removed or having departed voluntarily under an order of removal. 8 U.S.C. § 1231(a)(5)."). Accordingly, Petitioner's removal order was administratively final when it was reinstated on February 8, 2017.

Section 1231 is the applicable statute since Petitioner is subject to a final order of removal. Petitioner's prior order of removal was reinstated under 8 U.S.C. § 1231(a)(5) when he was found to have illegally reentered the United States. See Aziz v. Attorney Gen. of U.S. No. 12-CV-673, 2012 WL 5207459, at *1 n.3 (M.D. Pa. Oct. 22, 2012) ("8 U.S.C. § 1231 is the applicable statute, because Petitioner is subject to a final order of removal.").

Moreover, Petitioner's pending review with the BIA is not a judicial review of his removal order. Rather, the BIA appeal involves only the immigration judge's July 12, 2017 Order denying his application for withholding removal under INA § 241(b)(3) and under the CAT, 64 Fed. Reg. 8478, 8479. Petitioner has no

9

further action pending regarding his removal order because his removal order is final pursuant to 8 U.S.C. § 1231(a)(5). The BIA's review of Petitioner's application for withholding removal INA § 241(b)(3) and under CAT affects only whether Petitioner may be removed to Honduras. It has no bearing on his prior removal proceedings and removal order. Thus, the pendency of a reasonable fear determination does not impact the finality of a reinstated removal order under 8 U.S.C. § 1231(a)(5). See Santos, 2014 WL 2532491, at *3. As such, even if Petitioner were to prevail on his pending appeal with BIA and the denial of Petitioner's application for withholding removal was overturned, Petitioner is still removable from the United States, just not Honduras. See Id. Accordingly, because Petitioner's reinstated removal order was administratively final at the time it was reinstated, his detention is authorized by § 1231(a).

### d. Petitioner's Detention Does Not Violate Due Process

Having determined that Petitioner's entire period of ICE detention since February 8, 2017, has been governed by 8 U.S.C. § 1231, the Court must now determine whether his detention, just over nine (9) months, violates his due process. As set forth above, § 1231(a)(6) does not authorize the Attorney General to detain aliens indefinitely beyond the removal period, but "limits an alien's post-removal-period detention to a period reasonably necessary to bring about the alien's removal from the United States." Zadvydas, 533 U.S. at 689. "Once

removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." Id. at 699.

Petitioner has been detained in ICE custody since February 8, 2017. While this detention has exceeded the six month period that is deemed presumptively reasonable under Zadvydas, to obtain habeas relief, Petitioner must show that there is no reasonable likelihood of actual removal in the reasonably foreseeable future. Id. at 701. The burden rests upon Petitioner to make this showing. Id.; see Barenboy v. Attorney Gen. of U.S. 160 F. App'x 258, 261 n.2 (3d Cir. 2005) ("Once the six-month period has passed, the burden is on the alien to 'provide good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future….' Only then does the burden shift to the Government, which 'must respond with evidence sufficient to rebut that showing.'") (quoting Zadvydas, 533 U.S. at 701).

Here, Petitioner has not met his burden of proof to show that ICE will not be able to remove him as they already once have. Indeed, Petitioner's petition is silent on this matter and offers no evidence indicating that his removal will not occur in the reasonably foreseeable future. Accordingly, Petitioner has not demonstrated that he is entitled to relief under Zadvydas. See, e.g., Joseph v. United States, 127 F. App'x 79, 81 (3d Cir. 2005) (affirming dismissal of § 2241 petition challenging detention pursuant to § 1231(a)(6) because petition did not

11

provide "good reason" to believe there is no likelihood of removal); Abdelrahman v. BICE's Interim Field Office Director, No. 05-CV-1916, 2005 WL 3320841, at *2 (M.D. Pa. Dec. 7, 2005) (noting that "the fundamental basis of [the petitioner's] argument appear[ed] to be that his removal [was] unlikely simply because it [had] not occurred to this point."). Accordingly, the petition will be dismissed without prejudice to the filing of a new § 2241 petition in the event that Petitioner can provide evidence of good reason to believe that there is no significant likelihood of his removal in the reasonably foreseeable future.

## III. Conclusion

For the foregoing reasons, the habeas petition is denied without prejudice. An appropriate order follows.

Dated: November 16, 2017         s/Sylvia Rambo
                                 SYLVIA H. RAMBO
                                 United States District Judge